UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| VIRTUAL STUDIOS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:12-cv-54 |
| vs. ) | |
| ) | |
| HAGAMAN INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER

Defendant, Hagaman Industries, Inc. ("Hagaman"), by and through counsel, files its Answer to Plaintiff Virtual Studios, Inc.'s ("Virtual"), Complaint.

## JURISDICTION

1. Hagaman admits that the facts alleged in Count I allegedly arise under the Copyright Act but denies that any Copyright infringement has occurred. Hagaman denies that the court has pendent jurisdiction over Counts II and III because such claims are preempted under the Copyright Act.

## VENUE

2. Hagaman admits that venue is proper.

## FACTS COMMON TO ALL COUNTS

3. Hagaman admits that Virtual provides digital photography and image manipulation services. Hagaman is without sufficient information to admit or deny the remaining allegations in Paragraph 3 and therefore denies the same.

4. Hagaman admits that Virtual provides digitally manipulated room scenes to the carpeting industry. Hagaman is without sufficient information to admit or deny the remaining allegations in Paragraph 4 and therefore denies the same.

5. Hagaman admits that Virtual's photos are subject to manipulation to show different types of carpet. Hagaman is without sufficient information to admit or deny the remaining allegations in Paragraph 5 and therefore denies the same.

6. Hagaman admits that it has done business with Virtual, it has used room scenes from Virtual and that it displayed its carpet in the room scenes. Hagaman further admits that it is a privately held company doing business in Tennessee and Georgia, that its registered agent for service of process is Daniel P. Hagaman, 5700 Lauren Ridge Road, Chattanooga, TN 37416-1050 and that it operates a place of business at 320 McCallie Ave. Chattanooga, TN 37402. Hagaman denies the remaining allegations in Paragraph 6.

7. Hagaman admits that has used room scenes from Virtual and that Hagaman provided carpet samples to Virtual for use in the room scenes. Hagaman further admits that Virtual photographed Hagaman's carpet samples for use in the room scenes which were used in Hagaman's advertising. Hagaman denies the remaining allegations in Paragraph 7.

8. Hagaman is without sufficient information to admit or deny the allegations contained in Paragraph 8 and therefore denies the same.

9. Hagaman is without sufficient information to admit or deny the allegations contained in Paragraph 9 and therefore denies the same.

10. Hagaman denies the allegations contained in Paragraph 10.

11. Hagaman denies the allegations contained in Paragraph 11.

12. Hagaman denies the allegations contained in Paragraph 12.

13. Hagaman denies the allegations contained in Paragraph 13.

14. Hagaman denies the allegations contained in Paragraph 14.

15. Hagaman denies the allegations contained in Paragraph 15.

## COUNT I
## Copyright Infringement

16. Hagaman incorporates its responses to Paragraphs 1-15 as if fully set forth herein.

17. Hagaman denies the allegations contained in Paragraph 17.

18. Hagaman admits that Virtual appears to have filed claims of copyright with the U.S. Copyright Office but disputes the validity of Virtual's claims. Hagaman is without sufficient information to admit or deny the remaining allegations contained in Paragraph 18 and therefore denies the same.

19. Hagaman denies the allegations contained in Paragraph 19.

20. Hagaman denies the allegations contained in Paragraph 20.

21. Hagaman denies the allegations contained in Paragraph 21.

22. Hagaman denies the allegations contained in Paragraph 22.

23. Hagaman denies the allegations contained in Paragraph 23.

In response to Virtual's prayer for relief on Count I, Hagaman denies that Virtual is entitled to any of the relief sought.

## COUNT II
## Breach of Contract

24. Hagaman incorporates its responses to Paragraphs 1-23 as if fully set forth herein.

25. Hagaman denies the allegations contained in Paragraph 25.

26. Hagaman denies the allegations contained in Paragraph 26.

27. Hagaman denies the allegations contained in Paragraph 27.

In response to Virtual's prayer for relief on Count II, Hagaman denies that Virtual is entitled to any of the relief sought.

## COUNT III
## Unjust Enrichment

28. Hagaman incorporates its responses to Paragraphs 1-27 as if fully set forth herein.

29. Hagaman denies the allegations contained in Paragraph 29.

30. Hagaman denies the allegations contained in Paragraph 30.

31. Hagaman denies the allegations contained in Paragraph 31.

32. Hagaman denies the allegations contained in Paragraph 32.

In response to Virtual's prayer for relief on Count III, Hagaman denies that Virtual is entitled to any of the relief sought.

33. Any and all allegations not heretofore admitted, denied or otherwise are denied.

## DEFENSES

## FIRST DEFENSE

Virtual's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Counts II and III are preempted by the Copyright Act.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over this case because the Complaint fails to state a valid cause of action under the Copyright Act or any other federal law and Virtual has not alleged any other basis on which this Court may exercise subject matter jurisdiction.

## FOURTH DEFENSE

Virtual's claims are barred by the applicable statute of limitations.

## FIFTH DEFENSE

Virtual's claims are barred by laches.

## SIXTH DEFENSE

Virtual's claims are barred by fair use, license, implied license, estoppel, release, payment, and/or accord and satisfaction.

## SEVENTH DEFENSE

Virtual's claims are barred by acquiescence, consent and/or waiver.

## EIGHTH DEFENSE

Virtual's claims are barred by copyright misuse and/or unclean hands by Virtual.

## NINTH DEFENSE

Virtual's claims are barred by the doctrines of abandonment and/or forfeiture.

## TENTH DEFENSE

Virtual's claims are barred for failure to comply with some or all of the notice, registration and/or other requirements for instituting an infringement action under the Copyright Act.

## ELEVENTH DEFENSE

Virtual's claims are barred because it has no valid or enforceable rights, and/or are subject to one or more limitations, under the Copyright Act. Virtual misrepresented or omitted material facts to the Copyright Office. Virtual's works are in the public domain, are not original works, are scenes a faire and/or subject to the merger doctrine.

## TWELFTH DEFENSE

To the extent this Court finds Hagaman infringed, such infringement was unintentional and/or innocent.

## THIRTEENTH DEFENSE

Virtual's claims are barred because it failed to mitigate its damages.

WHEREFORE, Hagaman prays that:

(a) the Court dismiss Virtual's Complaint with prejudice;

(b) the Court award Hagaman its attorneys fees and costs pursuant to the Copyright Act and any other applicable law; and

(c) the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

CHAMBLISS, BAHNER & STOPHEL, P.C.


By: s/ Hugh J. Moore, Jr.
      Hugh J. Moore, Jr., BPR No. 000883
      Alicia Brown Oliver, BPR No. 018164
1000 Tallan Building
Two Union Square
Chattanooga, Tennessee 37402
Tel: (423) 757-0243
Fax: (423) 508-1243
*Attorneys for Defendant*


**CERTIFICATE OF SERVICE**

    I hereby certify that on this 19th day of April, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access the filing through the Court's electronic filing system.


By: s/ Hugh J. Moore, Jr.